22 C. C. P. A. (Patents)

**In re BAUMGARTNER.**

Patent Appeal No. 3503.

Court of Customs and Patent Appeals.

June 10, 1935.

Harry C. Alberts, of Chicago, Ill. (William J. Jacobi, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims 3, 5, 15 to 20, inclusive, and 25, in appellant's application for a patent for an alleged invention relating to a method of emulsifying dairy products, such as cheese, without resorting to extraneous heat or emulsifying agents.

Claims 3 and 20 are illustrative. They read:

"3. A method of emulsifying dairy products which consists in subjecting the substances to a frictional pressure reaction effective to mechanically emulsify the mass and completely hold the olein and casein thereof against separation."

"20. A method of imparting body to normally solid dairy substances which consists in the confinement of increments thereof for traverse along a predetermined path under pressure exerted by surfaces in relatively moving contact therewith resulting in elevated temperatures for accumulation into a uniformly blended mass, said increments being subjected to such confinement until a physically produced globule emulsion results, without the aid of chemicals."

The references relied upon are:
Martin, 1,748,781, Feb. 25, 1930.
Baumgartner, 1,802,455, Apr. 28, 1931.

Appellant's process, as stated in the appealed claims, consists in subjecting dairy products of plastic consistency, such as cheese, to frictional pressure in such manner as to create frictional heat within the desired limits, as stated in the brief of counsel for appellant, for "emulsifying cheese even to the range of pasteurization."

The patent to Martin relates to the preparation of cheese in such manner as to prevent separation of the butter fats, thus avoiding what is known in the art as "oiling off," thereby producing a cheese homogeneous in texture. In his specification, the patentee stated:

"I do not deem it necessary to describe the machines just mentioned, further than to state that they operate upon a liquid or plastic mixture by continuously forcing it under pressure through small openings, the pressure being quite heavy, and preferably about 3,000 pounds per square inch.

"My purpose in passing the cheese mass through the viscolizer is to improve the texture of the mass. I find that the cheese mixture above described, in passing through the viscolizer under the conditions above set forth, becomes smooth in texture and fluffy in appearance; that the various ingredients are thoroughly blended; that the butter fats lose their tendency to separate from the casein with which they are closely associated; and that after this treatment the mass tends to maintain these conditions. The net result is that the passage of the material through the viscolizer confers upon the mass such a condition that when it is then or thereafter exposed to warm room temperatures, or to warm climatic conditions, the fault known in this art as oiling off does not take place, and there is no appreciable separation of butter fats. I also find that the mass, after its passage through the viscolizer, has a persistent tendency to remain smooth, or in other words does not become grainy."

Appellant's patent, the reference Baumgartner, the application for which was copending with the present application, relates to a process of pasteurizing dairy products, such as cheese, without resorting to extraneous heat, consisting, as stated in claim 6, "in shredding the cheese into particles, then effecting the passage thereof between relatively movable confining walls serving as a constriction effective thereon in elevating the temperature, subjecting the cheese to the resulting temperature for a sufficient time to effect the pasteurization thereof prior to discharge." The patentee stated in his specification that the process of pasteurization therein referred to imparted to the dairy product, such as cheese, "complete homogeneity * * * in that the increments thereof are constantly subjected to a confining pressure precluding disintegration of the constituents and casein separation or any variation in the assimilation of the constituent ingredients thereof." The patentee further stated in his specification that "pasteurization without resort to extraneous heat is especially productive of an improved product; since the ingredients incorporated therein are

homogeneously distributed through and uniformly blended in the resulting mass owing to the pressure reaction thereon."

In the involved application, appellant stated, among other things, that the object of the present involved invention was to impart complete homogeneity to dairy products, such as cheese, and to effect emulsification thereof "by primarily physical rather than thermal influences," and to improve such products by "mechanical rather than extraneous heat processing to the end of effecting complete homogeneity, emulsification and body firmness without resort to chemicals"; and that an additional object of the involved process was sterilization thereof by friction, incident to processing cheese or other dairy products to a homogeneous and emulsified condition.

The appealed claims were rejected by the tribunals of the Patent Office on the ground of double patenting, and, in addition thereto, claims 3, 16, and 18 were rejected on the patent to Martin.

In its decision, the Board of Appeals stated that although the apparatus disclosed in the involved application was, to some extent, different from that disclosed in appellant's patent, the essential features of the two were the same; that the appealed claims differed from the claims of appellant's patent, in that the former relate to a method of emulsifying and globularizing dairy products, such as cheese, whereas the latter relate to pasteurization of such products, but that the processes were substantially the same; and that if there was any difference in the results obtained, it was due to the difference in degree of frictional heat developed. The board then said:

"After careful consideration of appellant's present specification and that in his patent, we fail to find any definite teaching of an emulsification as distinguished from pasteurization and whereas the emulsifying effect might be produced by heating to a less degree than for pasteurization, yet we are in agreement with the Examiner in his holding that there is but one invention really expressed in the claims of the present application and in the patent. Certainly one in reading the specifications of the present application and the patent would not be led to believe there are two inventions described. * * *

"Further, the Baumgartner patent on page 3, lines 94–103, describes homogenizing to preclude disintegration of the constituents. We are not satisfied to draw fine distinctions between these terms, but, after all, *this distinction involves a matter of degree rather than kind.* The claims of the patent may be somewhat more limited than those in the present application in that respect." (Italics ours.)

Relative to claims 3, 16, and 18, the board concluded that those claims were sufficiently broad to read on the patent to Martin.

In view of the fact that each of the tribunals of the Patent Office has elaborately discussed the issues involved, we deem it unnecessary to do so.

We think it is clear for the reasons stated by those tribunals that appealed claims 5, 15, 17, 19, 20, and 25 are not patentably distinguishable from the claims of appellant's patent; that those claims were properly rejected on the ground of double patenting; and that claims 3, 16, and 18 are unpatentable in view of the patent to Martin.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.